IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD GLISTA and | : | CIVIL ACTION |
| WILLIAM L. ORR | : | NO. 13-04668 |
| | : | |
| v. | : | |
| | : | |
| NORFOLK SOUTHERN | : | |
| RAILWAY COMPANY | : | |

O'NEILL, J.                                                                                           March 21, 2014

## MEMORANDUM

Plaintiffs sued Norfolk Southern Railway Company, their former employer, pursuant to the Federal Railroad Safety Act. Presently before me is Norfolk Southern's motion to dismiss for lack of subject matter jurisdiction or in the alternative to transfer venue to the Western District of Pennsylvania. For the following reasons I will deny defendant's motion to dismiss and will grant defendant's motion to transfer venue.

## BACKGROUND

Plaintiffs brought this action against defendant after they were fired for "conduct unbecoming an employee" and for making "false and conflicting statements" in connection with an accident in which they were involved and injuries they sustained in the accident. Dkt. No. 11 at 2. Plaintiffs contend that their dismissals were retaliation for reporting these work-related injuries. Id. at 2-3.

The FRSA requires adjudication of employment retaliation claims before the Department of Labor. 49 U.S.C. § 20109(d)(2). The statute also provides for de novo review by the federal district courts and for appellate review of a final order of the Secretary of Labor by the federal courts of appeals. 49 U.S.C. § 20109(d)(3)-(4). FRSA retaliation claimants may seek de novo

review from a district court if "the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee." Id. at § 20109(d)(3). Alternatively, "any person adversely affected or aggrieved by an order may appeal to the Court of Appeals." Id. at § 20109(d)(4).

The Department of Labor has promulgated federal regulations to govern the adjudication of FRSA claims after the completion of an OSHA investigation. The regulations state that any party may appeal OSHA's findings to an administrative law judge and then may appeal decisions by an ALJ to the Department of Labor's Administrative Review Board. 29 C.F.R. § 1982.110. The decision of an ALJ becomes a final order of the Secretary of Labor unless a petition for review is filed with and accepted by the ARB within 30 days. Id. at § 1982.110(a). Either appealing to the ARB or filing for de novo review in a federal district court after the passage of 210 days without a final decision effectively prevents an ALJ's order or OSHA's preliminary findings from becoming a final order of the Secretary. See 75 C.F.R. 1982.106; 1982.110.

Plaintiffs filed timely complaints with OSHA on September 20, 2010 which, after its investigation, determined that there was probable cause to believe that defendant had unlawfully retaliated against plaintiffs for reporting their injuries and seeking medical care. Id. at 3. On February 25, 2013 OSHA found for plaintiffs and ordered defendant to pay Glista $620,523 and Orr $297,985 in damages. Id. at 3; Dkt. No. 11-7 at 1. Defendant and both claimants objected to OSHA's determinations and timely appealed to an ALJ. Dkt. No. 11-6 (Collins Dep.) at ¶ 8; Dkt. No. 5-2 at 8. A hearing was scheduled before ALJ Richard Morgan for July 9, 2013. On April 22, 2013 the parties agreed to a stay of proceedings in order to attempt resolution of the claims in mediation. Dkt. No. 11-7 at 23. Therefore, the July 9, 2013 hearing was cancelled. Id.

at 23.  On June 3, 2013[1] in compliance with 29 C.F.R. § 1982.114 plaintiffs filed with the ALJ a notice of intention to file an original action in a U.S. district court.[2]  Id. at 4.  On June 12, 2013, ALJ Morgan issued an order to show cause by July 8, 2013 why plaintiffs' claims should not be dismissed.  Plaintiffs did not respond to this order and the ALJ dismissed their complaint with prejudice on July 16, 2013.  Id. at 4.  On August 12, 2013 plaintiffs filed the instant action in this Court.

Defendant argues that this Court lacks jurisdiction to conduct de novo review of plaintiffs' claims because under 29 C.F.R. § 1982.110 the ALJ's dismissal order became a final order of the Secretary of Labor on July 30, 2013, nearly two weeks before plaintiffs filed this action.  Defendant contends that once there is a final order of the Secretary, even if it is rendered more than 210 days after a complaint is filed, the federal district court lacks jurisdiction to conduct de novo review of the claim.  Conversely, plaintiffs argue that the plain language of the statute makes it clear that the district court has jurisdiction so long as there was no final decision within 210 days or bad faith on the part of the claimant.  Plaintiffs contend that the ALJ's dismissal order should be viewed as a relinquishment of his jurisdiction that was filed in response to his receipt of plaintiffs' notice of intention to file in district court.

---

[1]     A copy of this document provided by plaintiffs is dated May 29. 2013.  Dkt. No. 5-4 at 27.  However because neither party has appended a copy of the filed notice of intent reflecting the date of filing, I must assume that the notice of intent was submitted to the ALJ on June 3, 2013 as noted by the ALJ in his dismissal order. Dkt. No. 5-4 at 30 ("On June 3, 2013, Claimants submitted a Notice of Intention to File Original Action in United States District Court . . .") Dkt. No. 5-4 at 30.

[2]     Importantly, Department of Labor regulations require claimants to submit notice of intent to file in a federal district court fifteen days prior to filling a complaint, but they do not require that the complaint be filed within fifteen days.  See, 29 C.F.R. § 1982.114(b). Additionally, 49 U.S.C. § 20109 does not provide a statute of limitations in the kick-out provision.

**STANDARD OF REVIEW**

I.      **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A court reviewing a facial attack may consider only the allegations of the complaint and any documents referenced therein or attached thereto in the light most favorable to the plaintiff. Id. In reviewing a factual attack, a court may consider evidence outside the pleadings. Id.

Plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged, but the legal standard for surviving a Rule 12(b)(1) motion is a low one. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). "A claim may be dismissed under Rule 12(b)(1) only if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Gould, 220 F.3d at 178. Nevertheless, "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987), quoting Oneida Indian Nation v. Cnty. of Oneida, 414 U.S. 661, 666 (1974).

II.     **Motion to Transfer Venue**

The FRSA authorizes venue in "the appropriate district court of the United States." 49 U.S.C. § 20109(d)(3). When a claim is filed in an improper district the Court must either dismiss the action or transfer it to a district in which it could have been brought. 28 U.S.C. § 1406.

Additionally, 28 U.S.C. § 1404 provides for the transfer of venue to another district for the convenience of the parties and witnesses and in the interest of justice. In evaluating a motion to transfer venue I may consider, inter alia, the residence of potential witnesses, the location of the events giving rise to the claim, the locality's interest in having a local dispute decided at home and the "undesirability of burdening this district's jurors with the duty of resolving problems arising in other jurisdictions and involving non-resident claimants." Bugman v. Chemlawn Corp., No. 88-1061, 1988 WL 65808, at *1 (E.D. Pa. June 12, 1988).

## DISCUSSION

### I. Motion to Dismiss for Lack of Jurisdiction

Defendant argues that this Court lacks jurisdiction to conduct a de novo review of plaintiffs' claims based on both statutory interpretation of the FRSA and application of case law addressing the issue of concurrent jurisdiction. I will address each argument in turn.

#### a. Plain Meaning of the Statute

The plain meaning of a statutory provision must be understood in the context of the entire statute so I will consider the purpose of the FRSA as a whole and the language of the FRSA kick-out provision specifically in determining whether a final administrative order precludes de novo judicial review. See e.g., United Bank v. Chase Manhattan Bank of Conn., 43 F.3d 843, 847-49 (3d Cir. 1994).

Because the FRSA is a remedial statute it should be liberally construed in order to "protect [ ] plaintiff-employees." Araujo v. N.J. Transit Rail Operations, Inc., 708 F.3d. 152, 156-58 (3d Cir. 2013).[3] The purpose of the FRSA and the 1980 and 2007 amendments was to

---

[3] The purpose of the FRSA is to "promote safety in every area of railroad operations." 49 U.S.C. § 20109. Additionally, the Court of Appeals court noted that:

5

facilitate the resolution and adjudication of employee retaliation claims. See Norfolk S. Ry. Co. v. Solis, 915 F. Supp. 2d 32, 37-39 (D.D.C. 2013). I must evaluate the plain language of the statutory provision against the backdrop of this congressional intent. The kick-out provision of the FRSA states:

> [I]f the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States . . . .

49 U.S.C. § 20109(d)(3). Importantly, this provision is not qualified by any exception covering a final decision rendered after 210 days. I find that the plain meaning of this provision is clear. If Congress had intended to deny a plaintiff de novo review by the federal district court in the event that a final decision was reached after the 210 day period had expired such an exception would be explicit in this portion of the statute. To conclude otherwise requires that I infer an entire clause into the statute which is conspicuously absent, essentially rewriting § 20109(d)(3) to read "if the secretary of labor has not issued a final decision within 210 days after the filing of the complaint, and if the delay is not due to the bad faith of the employee *and if the Secretary of Labor has not yet rendered a final decision . . .* " Dkt. No. 5-2 at 11 (emphasis added); see Rea v. Federated Investors, 627 F.3d 937, 941 (3d Cir. 2010) ("We will not contravene congressional intent by implying statutory language that Congress omitted."). I decline to infer this third

---

> Prior to the passage of the FRSA, whistleblower retaliation complaints by railroad carrier employees were subject to mandatory dispute resolution pursuant to the Railway Labor Act . . . Congress passed the FRSA amendment in 2007, expanding the scope of the anti-retaliation protections and providing enforcement authority with the Department of Labor.

Araujo, 708 F.3d. at 156.

requirement of eligibility for de novo review because I find that the plain meaning of the kick-out provision is not ambiguous.

Defendant also asks me to defer to the Department of Labor's commentary on its regulations which states that "[i]t is the Secretary's position that complainants may not initiate an action in Federal court after the Secretary issues a final decision, even if the date of the final decision is more than 210 days after the filing of the complaint." 75 Fed. Reg. 53526 (Aug. 31, 2010). As defendant acknowledged during the February 6, 2013 oral argument on its motion, I am not bound by the Department of Labor's commentary on its regulations. Dkt. No. 22 at 26. Rather, I may consider the commentary only when a statute delegating administrative authority is ambiguous. Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-845 (1984); see also Chase Bank USA, N.A. v. McCoy, 131 S.Ct. 871, 882 (2011); Cleary ex rel Cleary v. Waldman, 167 F.3d 801, 807-08 (3d. Cir. 1999). Because I find no ambiguity in the kick-out provision of the FRSA I need not rely on the Department of Labor's commentary.

Additionally, recognizing that the kick-out provision creates an alternative to the administrative resolution route after the passage of significant time, I find that preventing a claimant from pursuing this alternative route merely because an ALJ takes an action further prolonging resolution of a claim offends this purpose.[4] In this case the ALJ issued the Order to Show Cause immediately after, and likely in response to, plaintiffs' filing their notice of intent to file in federal district court. Dkt. No. 5-4 (Ex. D) at 27; Dkt. No. 5-4 (Ex. B) at 17. As plaintiffs' counsel explained in his affidavit, responding to the Order to Show Cause would not have changed the administrative outcome because plaintiffs had already elected to proceed to

---

[4] Department of Labor regulations recognize that the kick-out provision exists to "establish[ ] procedures . . . for the expeditious handling of retaliation complaints . . ." 29 C.F.R. § 1982.100(b).

federal court. Dkt. No. 11-6 at ¶ 13. Therefore, I agree with plaintiffs that any response to the Order to Show Cause would have been redundant to the submission of their notice of intent as plaintiffs had a statutory right to remove their claim from the administrative process because the requisite 210 days had clearly elapsed.

Defendant also attempts to demonstrate ambiguity in the FRSA kick-out provision by pointing to the provision that immediately follows it describing appellate review of a final order and arguing that once a final order has been issued, even if not until after 210 days have passed, the window for de novo review closes and a claimant must follow the route prescribed by this section. I disagree. I find that the plain meaning of 49 U.S.C. § 20109(d)(4) is also clear on its face and coexists with my reading of § 20109(d)(3). Section 20109(d)(4) contemplates the process following a final decision by the ALJ rendered after evaluation of the merits and does not describe the process for reviewing a claimant's choice to proceed in federal court rather than to proceed further in the administrative process.

A claimant may seek de novo review in the federal district court if there has been no final decision within 210 days. Alternatively, if he does not prioritize speedy resolution of his claim, he may decide to await an administrative hearing and decision from the ALJ and then appeal to the Court of Appeals when it becomes final. In either scenario the claimant is entitled to an evaluation of the merits of his claim. The Department of Labor's own regulations require that an ALJ's final decision must contain "appropriate findings, conclusions, and an order pertaining to [ ] remedies . . ." 29 C.F.R. § 1982.109(a). However, in this case, the ALJ's Order to Show Cause became a dismissal order by operation of the passage of time alone. There was no hearing, examination of witnesses or evaluation of the merits of the case. It would create an absurd result if plaintiffs were restricted to the appellate review process described by §

20109(d)(4), and precluded from the de novo review process described by § 20109(d)(3), if the final administrative order rendered did not evaluate the merits of the case.

Defendant has cited several cases to support the contention that a final administrative decision precludes de novo review by the federal district court; however, none of those cases present the factual circumstances now before me. Rather, defendant's citations establish only that a final decision on the merits of a case, reached either by an ALJ or the ARB, is sufficient for res judicata purposes. Groncki v. AT&T Mobility LLC, 640 F. Supp. 2d 50 (D.D.C. 2009) (ALJ's final decision precludes de novo review even though it was rendered after the statutory period had elapsed because administrative proceeding provided a full and fair opportunity to litigate the merits); Levi v. Anheuser-Busch Co., Inc., No. 08-00398, 2008 WL 4816668 (W.D. Mo. 2008) (ARB's final decision after hearing on the merits precludes collateral attack in district court). Similarly, Lebron v. Am. Int'l Group, Inc., No. 09-4285, 2009 WL 3364039 (S.D.N.Y. 2009), is not applicable because the plaintiff in Lebron, unlike the plaintiffs here, had not exhausted her administrative remedies because she failed to appeal OSHA's preliminary findings.[5] Therefore, the ALJ's final order, which left plaintiffs bereft of any opportunity to have an examination of the facts or merits of their claims, did not trigger the appellate review process rather than the de novo review process, leaving no record for the Court of Appeals to evaluate. Instead, plaintiffs are entitled to de novo review of their claims under the statute's

---

[5] The Lebron court noted that the Secretary did not issue a final decision within the statutory period, but also that the complainant clearly has thirty days from receiving a preliminary order to either file a claim in a district court or appeal to the ALJ. She must do one or the other in order to preserve the option to file a district court claim at a later time. "If the complainant, like Lebron, takes no action within thirty days, the preliminary order becomes final and the district court no longer has jurisdiction to review the claims de novo." Lebron, 2009 WL 3364039 at * 6. Conversely, in this case, plaintiffs did appeal to the ALJ and therefore preserved the option to file a district court claim if 210 days passed without a final decision. When the ALJ fails to render an opinion within the statutory period, that option becomes a statutory right.

9

plain language.

### b. Concurrent Jurisdiction

Defendant also argues that the kick-out provision of the FRSA must be interpreted to preclude de novo review by the federal district court once a final administrative decision has been rendered in order to avoid the creation of concurrent jurisdiction with the Court of Appeals, which has jurisdiction over final orders by operation of § 20109(d)(4). Dkt. No. 24 at 9. Defendant presents three scenarios where de novo review is precluded and argues that permitting de novo review in this case would create incongruity in the case law. Id. at 13-17. Importantly, however, each of these scenarios describes circumstances wherein final administrative decisions are based upon an opportunity to evaluate the merits of the claims or a claimant's attempt to avoid the administrative review process, neither of which is the case here. I need not analyze each of these three scenarios because they do not mirror the circumstances now before me. Rather, I will address defendant's argument that allowing de novo review after a final agency decision in this case undermines the principle of finality. See Dkt. No. 24 at 18. Additionally, I will address defendant's concern that allowing de novo review in lieu of completing the administrative review process, even after 210 days have passed, permits a claimant to evade the administrative process prescribed by the FRSA. Dkt. No. 24 at 15-16. I disagree with both of defendant's arguments and find that there is no concurrent jurisdiction problem in this case.

Defendant suggests that, in the absence of a rule precluding de novo review after a final administrative opinion has been rendered, claimants could file for de novo review at any point, dragging out the process for years. Dkt. No. 24 at 13. Ordinarily a final administrative decision on the merits precludes judicial review. See e.g., Tice v. Bristol-Myers Squibb Co., 325 F. App'x 114, 122 (2009). However, the final decision in this case was not based on an evaluation

of the merits of plaintiffs' claims and therefore does not necessarily preclude judicial review. The Court of Appeals has explained that fairness in the administrative process is more important than finality of administrative judgments. See Purter v. Heckler, 771 F.2d 682, 693 (3d Cir. 1985). Consistent with this view, I find that this Court's de novo review of plaintiffs' claim does not imperil administrative finality because the ALJ's dismissal order was the result of only plaintiffs' failure to respond after filling their Notice of Intent rather than the ALJ's evaluation of the merits of their claims.[6] Therefore, I will prioritize the interest of administrative fairness over a rigid interpretation of the technical requirements of the statute and permit plaintiffs to obtain de novo review pursuant to the FRSA kick-out provision.

Defendant also contends that permitting de novo review in this case could allow evasion of the FRSA's administrative review process. Dkt. No. 24 at 19. Defendant cites to Lebron where the plaintiff declined to seek a hearing before an ALJ prior to suing in federal court under a de novo review provision in the Sarbanes-Oxley Act that is substantially similar to the one in the FRSA. Lebron, 2009 WL 3364039 at * 6. The Lebron Court required the plaintiff to participate in the administrative process by appealing OSHA's preliminary findings to an ALJ which is precisely what plaintiffs did in this case. Therefore, unlike the Lebron plaintiff who may have been using the kick-out provision to evade the administrative review process, plaintiffs

---

[6] Shortly after plaintiffs filed the Notice of Intent to File in District Court the ALJ issued an Order to Show Cause. During the February 6, 2014 hearing plaintiffs explained that they did not respond to this order because they believed they were through with the administrative review process because the election to go to district court is a "binding election" that leaves "nothing for [plaintiffs] to respond to." Transcript of Oral Argument on Motions at 39, Glista vs. Norfolk S. Ry. Co., 13-cv-04668. Additionally, defendant acknowledged that the ALJ's dismissal order was rendered "because [plaintiffs] have filed a notice of intent to go to district court, and the judge said, oh, well, tell me within three and a half weeks whether I – whether you object to my dismissing the case with prejudice. The purpose was to open – clearly give them a window when he would do nothing." Id. at 22. This suggests that the dismissal order automatically flowed from the plaintiff's failure to respond to the Order to Show Cause rather than any substantive decision-making process by the ALJ.

11

here substantially complied with the administrative review procedure by appealing to an ALJ. Rather than waiting for the ALJ to eventually conduct a hearing and issue a decision on the merits of their claims, plaintiffs used the kick-out provision to file in this Court after the requisite 210 days had passed.

Plaintiffs also complied with federal regulation by filling the notice of intent to file in district court, though it is clear that failure to provide such notice is not a binding requirement, preclusive to exercising the right to de novo review or indicative of bad faith. Austerman v. Behne, No. 10-4502, 2010 WL 1598419, at *3 (D. Minn. Apr. 7, 2011). Importantly, pursuant to the Department of Labor's own regulations a final order by the ALJ is not necessarily appealable to the ARB. 29 C.F.R. § 1980.110(a) ("The decision of the ALJ will become the final order of the Secretary unless, pursuant to this section, a petition for review is timely filed with the ARB, and the ARB accepts the petition for review."). Therefore, defendant's argument that plaintiffs should have appealed the ALJ's final order to the ARB and then appealed that decision to the Court of Appeals is unconvincing. I find that the extent to which plaintiffs engaged in the administrative review process obviates any concern that they attempted to evade it.

In this case, plaintiffs waited 982 days from filing their initial OSHA complaint until filing their notice of intent to file in district court. Because the ALJ's Order to Show Cause, and ultimately the dismissal order, came on the heels of plaintiff's Notice of Intent, I may infer that the Notice of Intent instigated the ALJ to take action on plaintiffs' claim. The Notice of Intent put the ALJ on notice that plaintiffs were exercising their statutory right under the FRSA to seek de novo review in the federal district court rather than remaining on the administrative review course that could culminate eventually in appellate review by the Court of Appeals. I find that the ALJ's dismissal order does not deprive this Court of the jurisdiction which arose when

12

plaintiffs elected to exercise their right to de novo review after 210 days passed without a final decision or bad faith on the part of the plaintiffs. Therefore, the filing of the Notice of Intent vitiates any concerns about concurrent jurisdiction. Accordingly, I will deny defendant's motion to dismiss for lack of jurisdiction.

**II.     Motion to Transfer Venue**

I may transfer this claim to any other district court where it could have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404. Having concluded that this Court has subject matter jurisdiction to conduct de novo review of plaintiffs' claim, I now consider defendant's request to transfer venue to the Western District of Pennsylvania.

Though plaintiffs originally filed in this Court, the parties agree that venue is proper in the Western District of Pennsylvania. Dkt. No. 22 at 54. The traffic accident giving rise to the claims occurred in the Western District and defendant's subsequent investigation and firing of plaintiffs occurred in the Western District. Id. at 49-50. Plaintiffs filed their OSHA complaints and OSHA investigated in the Western District. Id. at 49-50. The parties, witnesses and possible experts all reside in the Western District. Finally, defendant notes "the district court in the Western District can issue subpoenas for testimony at trial within a hundred-mile radius that would encompass most of those locations that are typically found in eastern Ohio and northern West Virginia. This court of course, cannot." Id. at 51. I agree with defendant's assertion that all circumstances fall in favor of transfer. Also recognizing that plaintiffs did not oppose transfer of their claim to the Western District, I will grant defendant's motion to transfer venue pursuant to § 1404(a).

An appropriate Order follows.