IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD A. GLISTA** and **WILLIAM L. ORR**, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    2:14cv380<br>)    **Electronic Filing** |
| **NORFOLK SOUTHERN RAILWAY COMPANY**, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 6th day of June, 2014, upon due consideration of defendant's motion for interlocutory appeal and the parties' submissions in conjunction therewith, IT IS ORDERED that [33] the motion be, and the same hereby is, denied.

The statutory requirements for interlocutory appeal were long ago succinctly set forth in Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974) (*en banc*): "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" Id. at 754 (quoting 28 U.S.C. § 1292(b)).

An appeal pursuant to 28 U.S.C. § 1292(b) is to be utilized only in exceptional circumstances. Gardner v. Westinghouse Broadcasting Co., 559 F.2d 209, 212 (3d Cir. 1977) aff'd 437 U.S. 478 (1977). Federal law reflects a strong policy against piecemeal appeals and the certification process is appropriate only where an immediate appeal would avoid protracted and expensive litigation. Zygmuntowicz v. Hospital Investments, Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993).

Defendant seeks to appeal the March 21, 2014, order by Judge O'Neill denying its Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Plaintiff maintains that defendant has failed to satisfy any of the requirements for interlocutory appeal and submitting the issue addressed in Judge O'Neill's memorandum opinion will result only in unnecessary delay.

Defendant has failed to demonstrate that any of the elements for interlocutory appeal are sufficiently established. First, defendant's characterization of the "controlling question of law" and highlighted grounds for difference of opinion essentially require the court to ascribe a nefarious motive or ineptitude to the administrative law judge's rule to show cause and order dismissing the administrative proceeding.

The record unequivocally demonstrates that the order of dismissal was predicated on plaintiff's notice of June 3, 2013, advising the ALJ in accordance with the fifteen-day notice requirement of 29 C.F.R. § 1982.114(b) that plaintiffs were exercising their statutory right to file an action in federal court in accordance with 49 U.S.C. § 20109(d)(3). The ALJ's order closing the administrative proceeding specifically indicated the matter had been pending before the Department for 30 months and the show cause order was "[i]n response to complainants' notice of intention to file a claim in district court." July 16, 2013, Order Dismissing Complaints (Doc. No. 11-7) at 29.

Defendant's interpretation of the order as a final order that subsequently foreclosed the statutory avenue plaintiffs had invoked requires a construction of the statutory and regulatory scheme that would permit the Department of Labor to usurp claimants of their right to proceed in district court after formal notice invoking that right and without an adjudication on the application having occurred in the administrative proceeding. Such a construction would require

the court to either (1) attribute to the Department a motive to foreclose a claimant's invoked right to exercise a statutorily authorized ability to proceed to federal court even though the claimant validly has invoked that option or (2) render a construction of the statutory scheme that permits such a result where the Department did not intend to interfere with the claimant's valid exercise of that statutory procedure but failed to use formulaic language such as "the action is dismissed without prejudice to claimant(s) timely filing of a complaint in federal court." In either event the necessary construction would be a perverse reading of a remedial statute that undercuts the very provision being considered.[1] We decline to ascribe to the potential reasonableness of such a reading and send it to the Court of Appeals for review.

Moreover, defendant has failed to demonstrate that an immediate appeal will materially advance the ultimate resolution of the litigation. In general, interlocutory appeals are not granted from denials of motions to dismiss because it encourages "piecemeal litigation." Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). A reversal of the adverse ruling rendered against defendant on March 21, 2014, may well terminate the litigation, as would be the case any time a motion to dismiss has been denied. But an affirmance of that order on any of the numerous bases advanced by Judge O'Neill and/or plaintiff would neither terminate the litigation nor assure an established avenue for efficient resolution of the remaining aspects of the litigation. Consequently, defendant's motion fails to demonstrate that resolution of the proposed question of law will advance the primary purpose to be served by § 1292(b).

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

---

[1] Of course, the ALJ's order of dismissal did operate as a final order as to plaintiffs' ability to further pursue or reopen their claims at the administrative level.

cc: Charles A. Collins, Esquire
David E. Schlesinger, Esquire
Gregory John Hannon, Esquire
James H. Kaster, Esquire
Joseph P. Sirbak, II, Esquire
Jeffrey S. Berlin, Esquire
Kathleen Jones Goldman, Esquire
Robert S. Hawkins, Esquire

(*Via CM/ECF Electronic Mail*)